```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
MIANKANZE BAMBA,                                                 :
                                                                 :
                            Plaintiff,                           :
                                                                 :           19-cv-8646 (LJL)
            -v-                                                  :
                                                                 :           OPINION AND ORDER
U.S. DEPARTMENT OF HOMELAND SECURITY-                            :
FPS, ALEJANDRO MAYORKAS, Secretary of the                        :
Department of Homeland Security,                                 :
                                                                 :
                            Defendants.                          :
                                                                 :
-----------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 09/12/2023

LEWIS J. LIMAN, United States District Judge:

Plaintiff Miankanze Bamba ("Plaintiff" or "Bamba") objects to the July 26, 2023 Report and Recommendation of Magistrate Judge Figueredo (the "Report and Recommendation"), recommending that the Court grant the motion for summary judgment of Defendant Alejandro Mayorkas ("Defendant"). Dkt. Nos. 94, 95.[1]  The objections are overruled and the Report and Recommendation is adopted.

## BACKGROUND

The Court construes the facts in favor of Plaintiff as the non-moving party.

Plaintiff was, at all times material to this action, employed by Department of Homeland Security ("DHS") Federal Protective Service ("FPS") as a Regional Financial Manager. Dkt. No. 56 ¶ 11. Plaintiff is a Black man. *Id.* ¶ 2. In May 2018 and again in September 2018 (after the position was reposted), he applied for the position of Supervisory Program Management

---

[1] As Judge Figueredo noted, on June 19, 2023, Plaintiff abandoned any claims against the other defendant whom she named, the U.S. Department of Homeland Security-FPS.  Dkt. No. 93 at 1 n.1.

(Mission Support) in Region 2 of FPS, a GS-14 level position.  *Id.* ¶¶ 40, 43.  He did not receive the promotion, which was granted to YinPing Cheng, an allegedly less-qualified Asian woman.  *Id.* ¶¶ 45–46, 48.  Plaintiff also complains that he was subjected to a hostile work environment ("HWE") by a white male employee of DHS, James Ward, who on one occasion in March 2018, after Plaintiff had informed Ward that no funding was available for a request made by Ward, threatened and assaulted Plaintiff.  *Id.* ¶¶ 13–38.  After Plaintiff informed Ward that no funding was available for his request, Ward entered Plaintiff's office, demanded that Plaintiff drop everything that he was doing, began screaming at Plaintiff while pressing his hand on a firearm in his possession and attempting to unlock it from his holster, and then pushed Plaintiff in his chair, spun him around, and attempted to prevent him from seeking emergency assistance.  *Id.* ¶¶ 19, 21–23, 25–26.  Plaintiff alleges that Jason Martinez, a Hispanic male who was Director of Operations at FPS with supervisory authority over Ward and Plaintiff, was present for the assault but did not intervene or attempt to prevent or thwart Ward's conduct.  *Id.* ¶¶ 29–32.

Plaintiff filed a complaint *pro se* on September 17, 2019, alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Federal Torts Claims Act, 28 U.S.C. § 2674.  Dkt. No. 1.  On February 3, 2021, Plaintiff (now represented by counsel), filed an Amended Complaint, Dkt. No. 28, and, on November 18, 2021, Plaintiff filed his Second Amended Complaint ("SAC"), Dkt. No. 56.  The SAC alleges only claims under Title VII.  Plaintiff alleges claims for race-based and sex-based discrimination based on the failure to promote him, and HWE based on the conduct of Ward and Martinez.  Dkt. No. 56 ¶¶ 51–81.

After the parties had the opportunity to conduct discovery, Defendant moved for summary judgment on January 13, 2023.  Dkt. No. 76.  Plaintiff opposed the motion by a response in opposition to the motion for summary judgment on April 24, 2023, Dkt. Nos. 88–89,

and Defendant filed a reply memorandum of law in further support of the motion on May 26, 2023, Dkt. No. 90.

On July 26, 2023, Judge Figueredo issued her Report and Recommendation.  Dkt. No. 93.  In the Report and Recommendation, Judge Figueredo recommended that the Court grant Defendant's motion for summary judgment on Plaintiff's claims under Title VII for (1) race and sex discrimination due to the failure to select him for promotion; and (2) hostile work environment based on animus towards him because he is Black.  *Id.*  Judge Figueredo concluded that Plaintiff had established a prima facie case of discrimination for his non-selection, but that Plaintiff had failed to raise a genuine issue of fact as to Defendants' legitimate, non-discriminatory reason for his non-selection.  *Id.* at 15–26.  In particular, Judge Figueredo determined that Plaintiff's application for the position of Supervisory Program Management (Mission Support) failed to demonstrate that he satisfied the "Time-in-Grade" requirements for that position of having served fifty-two weeks at the GS-13 grade level, that the "Time-in-Grade" requirement was a neutral policy, and that the failure to satisfy the "Time-in-Grade" requirement was a legitimate, nondiscriminatory reason for Defendants' failure to consider Plaintiff's application and hence its decision not to promote him.  *Id.* at 18–20.  Judge Figueredo also rejected Plaintiff's claim of pretext, finding that Plaintiff failed to point to admissible evidence supporting his argument that the agency's standard application process was not followed.  *Id.* at 22–23.  Judge Figueredo concluded that Plaintiff's argument that he was far more qualified than the person who ultimately was chosen for the position at issue was "misplaced" because his qualifications were not considered because his name did not appear on the Certificate of Eligibles for his failure to demonstrate he was eligible for the position, *id.* at 25, and that in any event, Plaintiff failed to show that "he was objectively so much better

qualified than the person promoted over him that the employer's justification for the decision must be pretextual." *Id.* at 25 (quoting *Sattar v. Johnson*, 129 F. Supp. 3d 123, 139 (S.D.N.Y. 2015)).

Judge Figueredo also recommended that the Court grant Defendant's motion for summary judgment on Plaintiff's hostile work environment claim because the evidence identified by Plaintiff failed to show, either individually or collectively, that his work environment was permeated with sufficiently severe and pervasive conduct, *id.* at 28–33, or that the conduct occurred because of Plaintiff's race, *id.* at 34.

## DISCUSSION

Plaintiff argues that Judge Figueredo erred in concluding that he failed to present evidence that Defendant's proffered reason for his non-selection was pretextual. Dkt. No. 95 at 2. He argues that he presented evidence both that he satisfied the Time-in-Grade requirements and that his application went directly to the agency, which would have known whether he satisfied the Time-in-Grade requirements. *Id.* at 3–4. He argues that the record shows that Defendant failed to follow its own internal procedures and selected an applicant with considerably less experience than he. *Id.* Plaintiff also argues that the March 5, 2018 incident was sufficiently severe as to create a hostile work environment. *Id.* at 4–5.

In reviewing a magistrate judge's report and recommendation, a district court must make "a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, if a party "makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the [r]eport strictly for clear error." *Terio v. Michaud*, 2011 WL 2610627, at *1 (S.D.N.Y. June 27, 2011) (quotation omitted); *see also Colvin v. Berryhill*, 734 F. App'x 756, 759 (2d Cir. 2018); *Mario v. P&C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002).

4

The Court has conducted an independent review of those portions of the Magistrate Judge's determination to which Plaintiff objects and concludes that Judge Figueredo properly recommended that Defendant be granted summary judgment on Plaintiff's claim based on failure to promote.  Under Title VII, to establish a prima facie case of discrimination, a plaintiff need only show: "(1) he belonged to a protected class; (2) he was qualified for the position he held; (3) he suffered an adverse employment action; and (4) that the adverse employment action occurred under circumstances giving rise to an inference of discriminatory intent."  *Brown v. City of Syracuse*, 673 F.3d 141, 150 (2d Cir. 2012); *see also Xiang v. Eagle Enters., LLC*, 2022 WL 785055, at *12 (S.D.N.Y. Jan. 16, 2022); *Santiago v. Axis Specialty U.S. Servs., Inc.*, 2021 WL 639527, at *6 (S.D.N.Y. Feb. 16, 2021).  However, once the plaintiff satisfies his de minimis obligation to demonstrate a prima facie case, the defendant has the opportunity to "articulate some legitimate, nondiscriminatory reason for the adverse employment action or termination."  *Farias v. Instructional Sys., Inc.*, 259 F.3d 91, 98 (2d Cir. 2001); *see also Legg v. Ulster County*, 820 F.3d 67, 73 (2d Cir. 2016); *Quaratino v. Tiffany & Co.*, 71 F.3d 58, 64 (2d Cir. 1995).  If the defendant satisfies its burden of production, the burden then "shifts back to the plaintiff to provide admissible evidence showing that the defendant's proffered reason was a pretext for discrimination."  *Grant v. Cont'l Cas. Co.*, 2015 WL 1499724, at *6 (S.D.N.Y. Mar. 30, 2015); *see also Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981); *Patterson v. Cnty. of Oneida*, 375 F.3d 206, 221 (2d Cir. 2004); *Windham v. Time Warner, Inc.*, 275 F.3d 179, 188 (2d Cir. 2001).

Assuming without deciding that Plaintiff identified sufficient facts to give rise to an inference of discriminatory intent, Defendant satisfied his burden of production to show that there were legitimate, nondiscriminatory reasons for the failure to promote Plaintiff and Plaintiff

failed to identify any facts to show that Defendants' reasons were pretextual. In particular, Defendant offered evidence that Plaintiff was not hired because he was not on the Certificate of Eligibles. *See Angioletti v. Chao*, 720 F. App'x 41, 43–44, 46 (2d Cir. 2017) (holding that plaintiff's failure to be included on Certificate of Eligibles was a non-discriminatory reason and affirming judgment as a matter of law for failure to offer evidence of pretext); *Holmes v. Ala. Bd. of Pardons & Paroles*, 591 F. App'x. 737, 746–47 (11th Cir. 2014). Defendant offered evidence that the April 2018 Announcement required applicants to demonstrate that they had served 52 weeks at the GS-13 grade level. Dkt. No. 78 ¶ 3; Dkt. No. 81 ¶ 8; Dkt. No. 84-2 at ECF p. 3 (to qualify for the position, applicants "[m]ust have at least one year of specialized experience equivalent to the GS-13 level in the Federal service"). Applicants for the April 2018 Announcement were instructed to submit their most recent Notification of Personnel Action form, known as the Standard Form 50 ("SF-50") as well as an SF-50 that showed proof of Time in Grade. Dkt. No. 78 ¶ 4; Dkt. No. 81 ¶ 9; Dkt. No. 84-2 at ECF p. 3. Plaintiff did not submit a SF-50 showing his Time in Grade. Dkt. No. 78 ¶ 5; Dkt. No. 81 ¶ 10, Dkt. No. 84-3 at ECF p. 17.[2] As a result, the Office of Personnel Management ("OPM"), which had posted the position and which oversaw the hiring process of the Position, did not include Plaintiff on the Certificate of Eligibles for the April 2018 Announcement because he did not show proof of Time in Grade. Dkt. No. 78 ¶ 7; Dkt. No. 81 ¶¶ 5, 12. Plaintiff had a second chance to demonstrate that he had satisfied the requirements for the position when, on August 30, 2018, OPM cancelled the April 2018 Announcement due to an inconsistency in the description of the specialized experience requirement and reposted the position with an open period from August 30, 2018 to

---

[2] The SF-50 submitted by Plaintiff showed his most recent individual cash award without indicating his grade level. Dkt. No. 84-3 at ECF p. 17.

March 1, 2019. Dkt. No. 78 ¶ 14; Dkt. No. 81 ¶ 15. The August 2018 Announcement informed potential applicants that it was to remain open for six months, from August 30, 2018 to March 1, 2019, but that the first review of applicants was to take place five business days after the open date of the announcement—on September 7, 2018—with any additional review taking place only as needed by the agency. Dkt. No. 78 ¶ 15; Dkt. No. 81 ¶¶ 15-16. The Time-in-Grade requirement and instructions were the same as the requirement and instructions contained in the April 2018 Announcement. Dkt. No. 78 ¶ 15. Plaintiff did not submit a new application before September 7, 2018; he submitted an online application for the August 2018 Announcement on September 12, 2018. Dkt. No. 78 ¶ 17; Dkt. No. 81 ¶ 17. As a result, Plaintiff was not included on the Certificate of Eligibles for the August 2018 Announcement because he did not submit his application by September 7, 2018, the cutoff date for the agency's first review of applicants. Dkt. No. 78 ¶ 19; Dkt. No. 81 ¶ 19; Dkt. No. 80 ¶ 15.

On September 20, 2018, Cheng was selected for the Region 2 Supervisory Program Manager (Mission Support) position. Dkt. No. 78 ¶ 22. Cheng had submitted a qualifying application in response to the April 2018 Announcement and had received the highest overall score out of applicants specific to Region 2, after a five-member panel of FPS employees reviewed the resumes and conducted interviews of the applicants on the Certificate of Eligibles. Dkt. No. 78 ¶¶ 9–12; Dkt. No. 80 ¶¶ 4, 8–12. Cheng was included on the Certificate of Eligibles for the August 2018 Announcement and, because the April 2018 and August 2018 Announcements were substantively the same and because Cheng was the highest overall scorer out of applicants specific to Region 2 for the April 2018 Announcement and also appeared on the Certificate of Eligibles for the August 2018 Announcement, FPS determined that it did not need

7

to duplicate all of the work the Panel had done in Region 2 with respect to the April 2018 Announcement for the August 2018 Announcement. Dkt. No. 78 ¶¶ 20–21.

Plaintiff argues that there is an issue of fact as to whether his SF-50 satisfied the Time-in-Grade requirement and as to whether the FPS violated its internal policies. In the first instance, however, Plaintiff's failure to submit a response to Defendant's Rule 56.1 statement alone precludes him from challenging any of the factual assertions in that 56.1 statement. *See T.Y. v. N.Y.C. Dep't of Educ.*, 584 F.3d 412, 418 (2d Cir. 2009) (a "nonmoving party's failure to respond to a Rule 56.1 statement permits the court to conclude that the facts asserted in the statement are uncontested and admissible"). "[T]he movant's statements are deemed to be admitted where [the non-moving party] has failed to specifically controvert them with citations to the record." *Rhee v. SHVMS, LLC*, 2023 WL 3319532, at *4 (S.D.N.Y. 2023) (citation and quotation marks omitted). Defendant's Rule 56.1 statement asserted that: (1) Plaintiff submitted only one SF-50 with his application, an Award SF-50 which notified him of an individual cash award he received effective March 22, 2015, and which did not provide the grade or level of position he then held and as such did not show his Time in Grade, Dkt. No. 78 ¶¶ 5, 7; and (2) OPM posted and reposted the position and that it issued the Certificates of Eligibility which it sent to FPS, *Id.* ¶¶ 2, 6, 14, 18. Those assertions were supported by evidence. The factual contentions thus are not open to dispute at this stage.[3]

---

[3] There is a section of Plaintiff's memorandum of law in opposition to the motion for summary judgment that is headed: "Genuinely Disputed Material Facts." Dkt. No. 88 at 6. That section fails to conform to Local Rule 56.1 and thus is not sufficient to controvert a statement of fact in Defendant's Rule 56.1 statement. *See Monahan v. N.Y.C. Dep't. of Corrections*, 214 F.3d 275, 292 (2d Cir. 2000); *see also Bordelon v. Chi. Sch. Reform Bd. of Trustees*, 233 F.3d 524 (7th Cir. 2000); *Lawler v. Jacobs Eng'g Group of Ohio, Inc.*, 25 F.3d 1053 (7th Cir. 1994).

Moreover, even if the Court were prepared to excuse Plaintiff's obligation to respond to the Rule 56.1 statement, Judge Figueredo correctly determined that Plaintiff had not identified evidence to create a genuine issue of fact and to entitle Plaintiff to trial. Plaintiff submitted a copy of a SF-50 form in connection with his opposition to the motion for summary judgment and resubmits that same form in connection with his objections. *Compare* Dkt. No. 89-4, *with* Dkt. No. 95-8. However, Plaintiff failed to submit a declaration or affidavit or any other evidence to establish that that same form was submitted to OPM in response to the postings or to controvert the evidence submitted by Defendant that the only SF-50 form submitted by him failed to show his Time in Grade. Nor did Plaintiff submit any evidence to controvert the evidence submitted by Defendant that his application went directly to OPM which prepared the Certificate of Eligibility. A Human Resources Specialist at OPM declared, to the contrary, that Plaintiff was not included on the Certificate of Eligibles sent by OPM to PFS for the April 2018 Announcement because he did not demonstrate eligibility and because his SF-50 did not show his Time in Grade and that he was not included on the Certificates of Eligibles for August 2018 Announcement because he did not submit his application by September 7, 2018, the cutoff date for the agency's first review of applicants. Dkt. No. 81 ¶¶ 11–12, 19. Plaintiff offered no evidence of procedural irregularity or pretext.[4]

---

[4] *Johnson v. Connecticut*, 798 F. Supp. 2d 379, 388 (D. Conn. 2011), upon which Plaintiff relies, is readily distinguishable. In that case, the court held that genuine issues of fact existed as to whether defendant's purported legitimate, nondiscriminatory reason for the failure to promote plaintiff was pretextual. However, defendant there claimed that the plaintiff was not promoted as a result of an interview process that the court found was "subjective and arbitrary" and that the defendant changed its internal policies in order to bypass an African-American person for promotion. *Id.* at 388–89. No such evidence exists in this case where Plaintiff was not placed on the Certificate of Eligibles for objective reasons and there is no evidence that those objective reasons were ever inconsistently applied.

Judge Figueredo also correctly recommended that Defendant be granted summary judgment on Plaintiff's HWE claim. "To establish a hostile work environment, a plaintiff must [show] that a defendant's conduct: (1) was objectively severe or pervasive in that it created an environment that a reasonable person would find hostile or abusive; (2) created an environment that the plaintiff subjectively perceived as hostile or abusive; and (3) occurred because of the plaintiff's protected characteristic." *Sherman v. Fivesky, LLC*, 2020 WL 2136227, at *5 (S.D.N.Y. May 5, 2020) (citing *Patane v. Clark*, 508 F.3d 106, 113 (2d Cir. 2007)).  While "even a single episode of harassment can establish a hostile work environment if the incident is sufficiently 'severe,'" *Redd v. N.Y. Div. of Parole*, 678 F.3d 166, 176 (2d Cir. 2012), a workplace is hostile or abusive only if it "is permeated with 'discriminatory intimidation, ridicule, and insult' that is 'sufficiently severe or pervasive to alter the conditions of the victim's employment,'" *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993) (quoting *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 65, 67 (1986)); *see also Cruz v. Coach Stores, Inc.*, 202 F.3d 560, 570 (2d Cir. 2000).  "Evidence of a general work atmosphere—as well as evidence of specific hostility directed toward the plaintiff—is an important factor in evaluating the claim." *Banks v. Gen. Motors, LLC*, 2023 WL 5761361, at *10 (2d Cir. 2023) (quoting *Perry v. Ethan Allen, Inc.*, 115 F.3d 143, 149 (2d Cir. 1997)). Thus, "conduct not directly targeted at or spoken to an individual but purposefully taking place in [her] presence can nevertheless transform [her] work environment into a hostile or abusive one." *Id.* (quoting *Rasmy v. Marriott Int'l, Inc.*, 952 F.3d 379, 389 (2d Cir. 2020)).  Finally, "a hostile environment is [not] something that exists in some absolute way, like poisonous chemicals in the air, affecting everyone who comes in contact with it." *Krasner v. HSH Nordbank AG*, 680 F. Supp. 2d 502, 513 (S.D.N.Y. 2010) (Lynch, J. sitting by designation).  "Plaintiff himself must be [a] target of the hostile work environment and

10

subjected to the hostility because of membership in a protected class." *Sherman*, 2020 WL 2136227, at *6 (citing *Cruz*, 202 F.3d at 570).

Plaintiff's sole objection to Judge Figueredo's recommendation is limited to the statement: "here, a reasonable jury could disagree as to whether Mr. Ward's conduct on March 5, 2018 would have altered the work conditions of a reasonable employee." Dkt. No. 95 at 5. That argument, however, fails to confront the thrust of Judge Figueredo's recommendation. Plaintiff failed to offer any evidence that he suffered the abuse and assault at the hands of Ward because of his race. According to the SAC, the immediate precipitating event for the abuse was Plaintiff's refusal to approve a project of Ward's for funding. Dkt. No. 56 ¶ 19; *see also* Dkt. No. 88 at 13 ("On March 5th, 2018, Mr. Ward had a disagreement over a budget issue involving the transferring of funds. . . . The disagreement led to a threat on the Plaintiff's life."). It is undisputed that Ward never made an offensive statement to Plaintiff about Plaintiff's skin color or race during this confrontation or at any other time. Dkt. No. 78 ¶ 27. Although Plaintiff argued in his brief in opposition to the motion for summary judgment that Ward "has a history of physically assaulting black employees and non-white employees," Dkt. No. 88 at 8, testified that Ward "crippled" Jean Nsima, a Black man, who is now "on permanent disability," Dkt. No. 89-11 at ECF pp. 2–3, and stated that evidence of the attack was "in the court record" and "[e]verybody [has] seen it," *id.* at ECF p. 3, he failed to offer any admissible evidence or percipient testimony that the incident ever occurred or that it was based on Nsima's race or skin color.[5]  Construing the evidence favorably, Ward has a serious issue with anger management.

---

[5] Plaintiff also testified that he was aware of an incident where Ward had a disagreement with one of the protective security officers and the individuals pulled guns on one another, Dkt. No. 89-12 at ECF pp. 2–3, but aside from the obvious hearsay problem with the testimony, there is no evidence that Ward's conduct in the incident was based on the race of the protective security officer.

11

From the evidence Plaintiff has put forth, the objects of his aggression appear to be indiscriminate. Plaintiff has therefore failed to create a genuine issue of material fact that Defendant's conduct occurred because of Plaintiff's race, and Defendant is entitled to summary judgment on Plaintiff's HWE claim.[6]

## CONCLUSION

Having reviewed the portions of the Report and Recommendation as to which no timely objections have been made for clear error, and the portions of the Report and Recommendation as to which Plaintiff objected de novo, the Court hereby ADOPTS the Report and Recommendation as to its conclusions that Defendant should be granted summary judgment on Plaintiff's non-selection claims under Title VII and on Plaintiff's hostile work environment claim under Title VII.

Defendant's motion for summary judgment is GRANTED.

The Clerk of Court is respectfully directed to close Dkt. No. 76, to enter judgment for Defendant, and to close this case.

SO ORDERED.

Dated: September 12, 2023
       New York, New York

LEWIS J. LIMAN
United States District Judge

---

[6] The Court therefore need not and does not address Judge Figueredo's conclusion that the incident on March 5, 2018 was not sufficiently severe to establish that a hostile work environment existed. Dkt. No. 93 at 29. The Court notes, however, that in *Banks v. Gen. Motors, LLC*, 2023 WL 5761361, the Second Circuit held that a single altercation between the plaintiff and her supervisor in which the supervisor "shook a rolled-up document in [plaintiff's face] and started yelling at [plaintiff] in a loud and aggressive manner" was sufficient to meet the "severity" element of a HWE claim. *Id.* at *11–12.